**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000543
18-DEC-2020
07:50 AM
Dkt. 74 SO**

NO. CAAP-19-0000543

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SOFIA ABDALI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DCW-18-0002915)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Sofia Abdali (**Abdali**) appeals from the Notice of Entry of Judgment and/or Order (**Judgment**), entered on June 27, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] After a bench trial, the District Court convicted Abdali of one count of Harassment, in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(a) (2014).[2]

---

[1]    The Honorable Russel S. Nagata presided.

[2]    HRS § 711-1106(1) provides, in relevant part:

**§ 711-1106  Harassment.**  (1)  A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(continued...)

Abdali raises two points of error on appeal, contending that there was insufficient evidence to convict her because (1) spitting on a shopping mall security guard (**Security Guard**) is not sufficient to support a conviction for Harassment, and (2) Abdali was provoked by the Security Guard.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Abdali's points of error as follows:

(1)  Abdali admitted spitting, but not in the direction of the Security Guard.  The District Court found, *inter alia,* that the Security Guard was more credible than Abdali and that Abdali spit in the face of the Security Guard.  Abdali acknowledges that, ordinarily, spitting upon another person is "offensive physical contact."

Abdali contends that when the "victim" is a law enforcement officer, the court should consider whether the physical contact was offensive in light of the officer's presumed training and professional standard of restrained behavior. Notwithstanding authority for the proposition that, without more, insults, taunts and abusive language directed at a law

---

[2](...continued)

 (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or **subjects the other person to offensive physical contact**;

 (b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response[.]

(Emphasis added).

enforcement officer may not be sufficient to support a conviction for Harassment pursuant to HRS § 711-1106(1)(b), we conclude that spitting into the face of any person, including a law enforcement officer, is "offensive physical contact" under HRS § 711-1106(1)(a). Cf. In re Doe, 76 Hawaiʻi 85, 869 P.2d 1304 (1994) (holding that challenging a police officer to a fight and using abusive and profane language was not sufficient to support a conviction for Harassment under HRS § 711-1106(1)(b)). Therefore, Abdali's first point of error is without merit.

(2) Abdali argues that she was provoked by the Security Guard's abuse of her authority. Abdali submits that the Security Guard began the incident with a "rude and crude demand" that Abdali put her shirt on over her bikini top, which Abdali viewed as inconsistent with her having seen other women at Ala Moana Shopping Center wearing bikini tops. Abdali testified that, when Abdali said that she did not believe that there was a mall policy requiring her to wear a shirt, and demanded to see the written policy, and asked what will happen if she does not comply, the Security Guard said that if she did not do it, Abdali would be asked to leave the mall. Abdali felt insulted and offended and initially stayed where she was. The Security Guard told Abdali she had to leave or the police would be called, but the Security Guard did not call the police as Abdali now requested her to do. Abdali got up and headed through the food court to get to the parking lot and the Security Guard closely followed her. Near the food court vendors, near the parking lot, Abdali felt frustrated and harassed and spit; [Id.] although the

testimony as to the direction of the spit conflicted, the District Court found that Abdali spit in the Security Guard's face. The Security Guard then physically restrained Abdali, while getting backup from her supervisor and calling the police.

We conclude that, viewing the entire record in the light most favorable to the prosecution, the District Court did not clearly err in rejecting Abdali's argument that she should not be convicted of Harassment because of the Security Guard's provocative abuse of her authority.

For these reasons, the District Court's June 27, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, December 18, 2020.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Presiding Judge |
| Walter R. Schoettle,<br>for Defendant-Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Loren J. Thomas,<br>Deputy Prosecuting Attorney,<br>City and County of Honolulu,<br>for Plaintiff-Appellee. | /s/ Clyde J. Wadsworth<br>Associate Judge |